IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v ) | CIVIL ACTION NO. |
| ) | 2:04CV455-WHA-VPM |
| BRADLEY JOSEPH STEIGER ) | [WO] |

**ORDER ON MOTION**

On 15 September 2006 (Doc. No. 42), the movant, Bradley Joseph Steiger ["Steiger"], filed a motion for extension of time to file objections to the Recommendation of the Magistrate Judge entered on 7 September 2005.[1] Upon initial consideration, the court regards the motion with considerable ambivalence. Other than Steiger's gratuitous averments regarding the time necessary to respond to the Recommendation, the court discerns no sound basis for a substantially additional period for his response.

First, Steiger avers, for example, that the issues are "complex, voluminous and surfeit". The record does not support the first of those descriptions, and the second and third are hoisted upon Steiger's own "stacking" of ineffective assistance claim upon meritless

---

[1] Although Steiger's motion for extension of time was date-stamped "received" in this court on 20 September 2006, the court, under the "mailbox rule," deems his motion filed on the date he delivered it to prison authorities for mailing. That date is unknown, however, inasmuch as he apparently signed in on 15 September 2006, the court liberally construes 15 September as the mailing date. *See Houston v. Lack*, 487 U.S. 266, 271-72 (1988); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

claims, as the Recommendation discloses.[2]  Second, although Steiger "is not an attorney", as he states, throughout this litigation and the underlying criminal prosecution, Steiger has filed countless motions and other requests for relief, and the court is persuaded that his non-certification to practice law has not impeded  - to any meaningful extent -   his ability to represent himself and to assert claims for relief or defenses.  Third, Steiger makes no attempt to set forth the time and effort that he has devoted to preparing objections *before* he filed his motion for extension.  Finally, Steiger is presumptively and intimately familiar with the issues which he raised, framed, and articulated, and his comfort level with the analysis with these issues should pretermit a substantial extension.

Thus, for those reasons, it is

ORDERED that the motion for extension of time (Doc. No. 42) be and is hereby GRANTED.  It is further

ORDERED that Steiger shall file his objections to the Recommendation on or before 6 October 2006.  That deadline extends to Steiger a total of 23 days   - 10 days beyond the customary time -  to prepare objections.  Steiger is ADVISED to file his objections by that date and that no further extensions will be granted.

---

[2]The length of the Recommendation should not be construed as evidence of the complexity of the claims or the issues. The Recommendation was protracted in the main by the serial procedural claims of ineffective assistance arising from unsupported substantive claims.

Done this 27th day of September, 2006.

                                                /s/ Vanzetta Penn McPherson
                                                VANZETTA PENN MCPHERSON
                                                UNITED STATES MAGISTRATE JUDGE